[Civ. No. 25917. Second Dist., Div. Four. Apr. 13, 1962.]

LEONARD LA SALA, Plaintiff and Respondent, v. ELLA S. FERRARA, Movant and Appellant.

Nicolas Ferrara and Edmond Gattone for Movant and Appellant.

Martin M. Shapero for Plaintiff and Respondent.

BALTHIS, J.—Plaintiff Leonard La Sala filed this action against defendant Peerless Insurance Co., Inc., on an attachment bond given by it in a prior action. In that prior action, Ferrara had obtained a judgment against one of the defendants named therein, Poole Truck Lines, but judgment was in favor of La Sala (a defendant in that action) against Ferrara, and such judgment was affirmed on appeal (*Ferrara* v. *La Sala*, 186 Cal.App.2d 263 [9 Cal.Rptr. 179]). Plaintiff Ferrara in that prior action had levied an attachment on La Sala's property, and had filed the undertaking provided for in section 539, Code of Civil Procedure. After judgment in his favor as defendant, La Sala, as plaintiff, commenced this action on the attachment bond to recover damages.

Ella Ferrara then filed a complaint in intervention in this action. The substance of such pleading was that (1) intervener had an agreement to indemnify defendant Peerless Insurance Company and hence was the real party in interest, (2) intervener had obtained a judgment for $3,639 against Poole Truck Lines in the prior action, (3) plaintiff La Sala was indebted to Poole Truck Lines in the sum of $5,200, and (4) the action in intervention is brought to recover the debt due from La Sala to Poole Truck Lines and to subject the same to payment of the judgment of intervener against Poole Truck Lines. Plaintiff La Sala demurred to the complaint in intervention on the ground that it did not state facts sufficient to constitute a cause of action.

After intervener conceded that the first amended complaint in intervention stated her case as strongly as possible, the

court made its order sustaining the demurrer without leave to amend and from the judgment of dismissal, intervener appeals.

Intervener did obtain a judgment against Poole Truck Lines in the prior action and apparently is attempting to collect such judgment by an intervention in this action. This being an action against Peerless on the attachment undertaking, the issues involved in the prior action and in the collection of the judgment against Poole Truck Lines are in no way related to the issues presented and the parties involved here.

It is clear that neither intervener nor the surety Peerless has any setoff or counterclaim against plaintiff La Sala. Under section 438, Code of Civil Procedure, a counterclaim must be a claim in favor of defendant and against plaintiff. In *Advance Industrial Finance Co.* v. *Western Equities, Inc.*, 173 Cal.App.2d 420 [343 P.2d 408], the court recognized and applied this rule, saying: (pp. 426-427) ''A counterclaim or a setoff is defined as a cause of action in favor of the defendant on which he might have sued the plaintiff in a separate action and, in the case of a counterclaim, might have obtained affirmative relief. . . . While the doctrine of setoff, as distinguished from statutory counterclaim, is eminently an equitable one, the equitable right is founded on the idea that mutual existing indebtedness, arising out of contracts between parties to the record, creates payment of both demands so far as they equal each other. . . . A counterclaim must be a claim in favor of the defendants and against the plaintiff; it may not be in favor of another person. . . . This action is between plaintiff and Western Equities and the guarantor, Moser; it is not against Jo-Max. In order that defendants may offset against plaintiff, they must own a claim against plaintiff which they can offset.''

 In the instant case, intervener is in the position of a defendant as far as plaintiff is concerned, and as a defendant (or as an intervener) she has no claim against or contract with plaintiff; likewise she has no counterclaim or setoff that can be used against plaintiff in this action. Her attempted use of the judgment against Poole Truck Lines and plaintiff's alleged indebtedness to Poole does not in any way diminish plaintiff's claim against Peerless on the attachment bond and cannot be used on the basis of a counterclaim or setoff in this action.

 The facts stated do not give rise to any cause of action

for intervention here. Intervener is not in any way restricted in the collection of her judgment against Poole Truck Lines by this denial of the alleged right to intervene. As a judgment creditor, she has access to the summary process of garnishment of any debt owing to the judgment debtor (Code Civ. Proc., § 688). Under section 720, Code of Civil Procedure, a judgment creditor has available summary procedures against a debtor of the judgment debtor by way of supplemental proceedings in aid of execution.

The judgment of dismissal as to the complaint in intervention is affirmed.

Burke, P. J., and Jefferson, J., concurred.